Justice Scalia,
concurring.
I join the opinion of the Court. I would reach the same result even without benefit of the rule that we will defer to an agency’s interpretation of its own regulations, a rule in recent years attributed to our opinion in Auer v. Robbins, 519 U. S. 452, 461 (1997), though it first appeared in our jurisprudence more than half a century earlier, see Bowles v. Seminole Rock & Sand Co., 325 U. S. 410 (1945). In this suit I have no need to rely on Auer deference, because I believe the FCC’s interpretation is the fairest reading of the orders in question. Most cogently, ¶ 140 of the Triennial Review *68 Remand Order serves no purpose unless one accepts (as AT&T does not) the distinction between backhauling and interconnection that is referred to in footnotes to ¶¶ 138 and 141 of the order. 20 FCC Red. 2533, 2610-2612 (2005). The order would have been clearer, to be sure, if the distinction had been made in a footnote to ¶ 140 itself, but the distinction is there, and without it ¶ 140 has no point.
It is comforting to know that I would reach the Court’s result even without Auer. For while I have in the past uncritically accepted that rule, I have become increasingly doubtful of its validity. On the surface, it seems to be a natural corollary — indeed, an a fortiori application — of the rule that we will defer to an agency’s interpretation of the statute it is charged with implementing, see Chevron U. S. A. Ino. v. Natural Resources Defense Council, Inc., 467 U. S. 837 (1984). But it is not. When Congress enacts an imprecise statute that it commits to the implementation of an executive agency, it has no control over that implementation (except, of course, through further, more precise, legislation). The legislative and executive functions are not combined. But when an agency promulgates an imprecise rule, it leaves to itself the implementation of that rule, and thus the initial determination of the rule’s meaning. And though the adoption of a rule is an exercise of the executive rather than the legislative power, a properly adopted rule has fully the effect of law. It seems contrary to fundamental principles of separation of powers to permit the person who promulgates a law to interpret it as well. “When the legislative and executive powers are united in the same person, or in the same body of magistrates, there can be no liberty; because apprehensions may arise, lest the same monarch or senate should enact tyrannical laws, to execute them in a tyrannical manner.” Montesquieu, Spirit of the Laws bk. XI, Ch. 6, pp. 151-152 (O. Piest ed., T. Nugent transl. 1949).
Deferring to an agency’s interpretation of a statute does not encourage Congress, out of a desire to expand its power, *69 to enact vague statutes; the vagueness effectively cedes power to the Executive. By contrast, deferring to an agency’s interpretation of its own rule encourages the agency to enact vague rules which give it the power, in future adjudications, to do what it pleases. This frustrates the notice and predictability purposes of rulemaking, and promotes arbitrary government. The seeming inappropriateness of Auer deference is especially evident in cases such as these, involving an agency that has repeatedly been rebuked in its attempts to expand the statute beyond its text, and has repeatedly sought new means to the same ends.
There are undoubted advantages to Auer deference. It makes the job of a reviewing court much easier, and since it usually produces affirmance of the agency’s view without conflict in the Circuits, it imparts (once the agency has spoken to clarify the regulation) certainty and predictability to the administrative process. The defects of Auer deference, and the alternatives to it, are fully explored in Manning, Constitutional Structure and Judicial Deference to Agency Interpretations of Agency Rules, 96 Colum. L. Rev. 612 (1996). We have not been asked to reconsider Auer in the present cases. When we are, I will be receptive to doing so.